## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KALVIN JONES, CHARLESTON POLK, GEORGE PAYTON, AND MICHAEL WALKER | * * * * | CIVIL ACTION NO. 2:24-cv-02400- |
| Plaintiffs, | * * | JUDGE DARREL J. PAPILLION |
| Versus | * * | MAGISTRATE JUDGE EVA J. DOSSIER |
| | * * | |
| IV WASTE L.L.C., | * * | |
| Defendant | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### IV WASTE, L.L.C.'S
### ANSWER AND AFFIRMATIVE DEFENSES
### AND/OR AVOIDANCES TO PLAINTIFFS' COMPLAINT

Defendant, IV Waste, L.L.C. ("IV Waste" or "Defendant"), responds to the Complaint ("Complaint") filed by Plaintiffs, Kalvin Jones ("Jones"), George Payton ("Payton"), and Michael Walker ("Walker") (collectively "Plaintiffs") as follows:

### INTRODUCTION[1]

1.   Paragraph 1 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, Defendant denies engaging in any conduct for which it could be held liable to Plaintiffs under any asserted legal theory.

### JURISDICTION AND VENUE

2.   Paragraph 2 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, Defendant admits that this

---

[1] Defendants do not admit the truth of the headings in the Complaint, but incorporate the headings into their Answer and Affirmative Defenses and/or Avoidances for the Court's convenience.

Court has original jurisdiction over claims arising under 28 U.S.C. § 1343 and Title VII, federal district courts enjoy discretionary supplemental jurisdiction where the requirements of Fed. R. Civ. P. Rule 18 and 28 U.S.C. § 1367 are satisfied. Any remaining allegations are denied.

3.   Paragraph 3 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, Defendant admits it is an employer engaged in waste management services that has employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

4.   Paragraph 4 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, Defendant does not dispute the court's jurisdiction over it at this time. Defendant admits it is a for-profit company doing business in Louisiana. Any remaining allegations are denied.

5.   As to the allegations contained in Paragraph 5 of the Complaint, Defendant admits it operates within the Eastern District of Louisiana and does not dispute that venue is proper at this time. Any remaining allegations are denied, and Defendant denies engaging in any conduct for which it could be held liable to Plaintiffs under any asserted legal theory.

## PARTIES

6.   The allegations contained in Paragraph 6 of the Complaint are denied for lack of information sufficient to justify a belief therein.

7.   The allegations contained in Paragraph 7 of the Complaint are denied for lack of information sufficient to justify a belief therein.

8.   The allegations contained in Paragraph 8 of the Complaint are denied for lack of information sufficient to justify a belief therein.

9. The allegations contained in Paragraph 9 of the Complaint are denied for lack of information sufficient to justify a belief therein.

10. Paragraph 10 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, Defendant admits it is an employer and provides commercial and residential waste solutions within the state of Louisiana. Any remaining allegations are denied for lack of information sufficient to justify a belief therein.

## FACTS

11. The allegations contained in Paragraph 11 of the Complaint are denied, except to admit it is a privately owned commercial and residential waste company doing business in Louisiana.

12. The allegations contained in Paragraph 12 of the Complaint are denied as written, except to admit Defendant conducts business operations at 730 S. Pierce St., New Orleans, LA 70119.

13. Paragraph 13 of the Complaint does not contain any allegations and recites conclusions of law which do not require a response from Defendant. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied.

14. Paragraph 14 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, Defendant admits Polk is Black. Any remaining allegations require legal conclusions and/or are denied for lack of information sufficient to justify a belief therein.

15. The allegations contained in Paragraph 15 of the Complaint are denied.

16. The allegations contained in Paragraph 16 of the Complaint are denied, except to admit Polk began his employment with Defendant as a hopper in 2020.

17. The allegations contained in Paragraph 17 of the Complaint are denied.

18. The allegations contained in Paragraph 18 of the Complaint are denied.

19.  The allegations contained in Paragraph 19 are denied.

20.  The allegations contained in Paragraph 20 of the Complaint are denied.

21.  The allegations contained in Paragraph 21 of the Complaint are denied, except to admit Defendant has contracted with Richard's Disposal, Inc.

22.  The allegations contained in Paragraph 22 of the Complaint are denied.

23.  Paragraph 23 of the Complaint is denied for lack of information sufficient to justify a belief therein, except to admit Polk's employment with Defendant ceased in the latter half of 2021.

24.  Paragraph 24 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied, except to admit Polk is asserting claims against Defendant.

25.  Paragraph 25 of the Complaint does not contain any allegations and recites conclusions of law which do not require a response from Defendant; however, to the extent any statements therein can be construed as allegations against Defendant, the allegations are denied.

26.  Paragraph 26 of the Complaint is identical to Paragraph 14.[2] Defendant restates its response to Paragraph 14 as if copied herein in extenso.

27.  The allegations contained in Paragraph 27 of the Complaint are denied.

28.  Paragraph 28 of the Complaint is identical to Paragraph 16. Defendant restates its response to Paragraph 16 as is copied herein in extenso.

29.  The allegations contained in Paragraph 29 of the Complaint are denied.

30.  The allegations contained in Paragraph 30 of the Complaint are denied.

---

[2] Dozens of paragraphs in the Complaint are duplicative. Many are recited verbatim, or close to verbatim, on numerous occasions Rule 8 of the Federal Rules of Civil Procedure simply requires: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for relief sought. *See* Fed. R. Civ. P. 8(a). *See also Jumonville v. Dep't of Treasury*, 50 F.3d 1033 (5th Cir. 1995) (condemning excessive verbiage and repetitious allegations). Plaintiff's repetitious allegations serve no legitimate purpose and needlessly increase costs of litigation. For example, the Complaint alleges Plaintiffs are members of a protected class, African American, 25 times.

31.  The allegations contained in Paragraph 31 of the Complaint are denied.

32.  The allegations contained in Paragraph 32 of the Complaint are denied.

33.  The allegations contained in Paragraph 33 of the Complaint are denied, except to admit Defendant has contracted with Richard's Disposal, Inc.

34.  The allegations contained in Paragraph 34 of the Complaint are denied.

35.  The allegations contained in Paragraph 35 of the Complaint are denied.

36.  Paragraph 36 of the Complaint is denied for lack of information sufficient to justify a belief therein, except to admit Polk's employment with Defendant ceased in the latter half of 2021.

37.  The allegations contained in Paragraph 37 of the Complaint are denied.

38.  The allegations contained in Paragraph 38 of the Complaint are denied.

39.  Paragraph 39 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied, except to admit Polk is asserting claims against Defendant.

40.  Paragraph 40 of the Complaint does not contain allegations and recites conclusions of law which do not require a response from Defendant. To the extent any statement in Paragraph 40 can be construed as an allegation against Defendant, the allegations are denied.

41.  Paragraph 41 of the Complaint is identical to Paragraphs 14 and 26. Defendant restates its response to Paragraphs 14 and 26 as if copied herein in extenso.

42.  The allegations contained in Paragraph 42 of the Complaint are denied.

43.  As with Paragraphs 16 and 28, the allegations contained in Paragraph 43 Complaint are denied, except to admit Polk started his employment with Defendant as a hopper in 2020.

44.  The allegations contained in Paragraph 44 of the Complaint are denied.

45.  The allegations contained in Paragraph 45 of the Complaint are denied.

46.  The allegations contained in Paragraph 46 of the Complaint are denied, except to admit Defendant has contracted with Richard's Disposal, Inc.

47.  The allegations contained in Paragraph 47 of the Complaint are denied.

48.  The allegations contained in Paragraph 48 of the Complaint are denied.

49.  Paragraph 49 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied, except to admit Polk is asserting claims against Defendant.

50.  Paragraph 50 of the Complaint does not contain any allegations and recites conclusions of law which do not require a response from Defendant; however, to the extent any statements therein can be construed as allegations against Defendant, the allegations are denied.

51.  Paragraph 51 of the Complaint recites legal conclusions which do not require a response from Defendant. To the extent a response is deemed to be required, Defendant admits Payton is Black. Any remaining allegations require legal conclusions and/or are denied for lack of information sufficient to justify a belief therein.

52.  The allegations contained in Paragraph 52 of the Complaint are denied.

53.  The allegations contained in Paragraph 53 of the Complaint are denied, except to admit Payton was employed by Defendant as a hopper

54.  The allegations contained in Paragraph 54 of the Complaint are denied.

55.  The allegations contained in Paragraph 55 of the Complaint are denied.

56.  The allegations contained in Paragraph 56 of the Complaint are denied.

57.  The allegations contained in Paragraph 57 of the Complaint are denied.

58.  The allegations contained in Paragraph 58 of the Complaint are denied.

59.  The allegations contained in Paragraph 59 of the Complaint are denied.

60.  The allegations contained in Paragraph 60 of the Complaint are denied, except to admit Defendant has contracted with Richard's Disposal, Inc.

61.  The allegations contained in Paragraph 61 of the Complaint are denied as written.

62.  Paragraph 69 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied, except to admit Payton is asserting claims against Defendant.

63.  Paragraph 63 of the Complaint does not contain allegations and recites conclusions of law which do not require a response from Defendant. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied.

64.  Paragraph 64 of the Complaint is identical to Paragraph 51. Defendant restates its response to Paragraph 51 as if copied herein in extenso.

65.  The allegations contained in Paragraph 65 of the Complaint are denied.

66.  Paragraph 66 of the Complaint is identical to Paragraph 53. Defendant restates its response to Paragraph 53 as if copied herein in extenso.

67.  The allegations contained in Paragraph 67 of the Complaint are denied.

68.  The allegations contained in Paragraph 68 of the Complaint are denied.

69.  The allegations contained in Paragraph 69 of the Complaint are denied.

70.  The allegations contained in Paragraph 70 of the Complaint are denied.

71.  The allegations contained in Paragraph 71 of the Complaint are denied.

72.  The allegations contained in Paragraph 72 of the Complaint are denied.

73.  The allegations contained in Paragraph 73 of the Complaint are denied, except to admit Defendant has contracted with Richard's Disposal, Inc.

74.  The allegations contained in Paragraph 74 of the Complaint are denied.

75.   The allegations contained in Paragraph 75 of the Complaint are denied as written.

76.   The allegations contained in Paragraph 76 of the Complaint are denied.

77.   The allegations contained in Paragraph 77 of the Complaint are denied.

78.   The allegations contained in Paragraph 78 of the Complaint are denied.

79.   Paragraph 79 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied, except to admit Payton is asserting claims against Defendant.

80.   Paragraph 80 of the Complaint does not contain allegations and recites conclusions of law. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied.

81.   Paragraph 81 of the Complaint is identical to Paragraphs 51 and 64. Defendant restates its responses to Paragraphs 51 and 64 as if copied herein in extenso.

82.   The allegations contained in Paragraph 82 of the Complaint are denied.

83.   Paragraph 83 of the Complaint is identical to Paragraphs 53 and 66. Defendant restates its response to Paragraphs 53 and 66 as if copied herein in extenso.

84.   The allegations contained in Paragraph 84 of the Complaint are denied.

85.   The allegations contained in Paragraph 85 of the Complaint are denied.

86.   The allegations contained in Paragraph 86 of the Complaint are denied, except to admit Defendant has contracted with Richard's Disposal, Inc.

87.   The allegations contained in Paragraph 87 of the Complaint are denied.

88.   The allegations contained in Paragraph 88 of the Complaint are denied.

89.   The allegations contained in Paragraph 89 of the Complaint are denied.

90.   Paragraph 90 of the Complaint recites conclusions of law which do not require a response

from Defendant. To the extent a response is deemed to be required, the allegations are denied, except to admit Jones is asserting claims against Defendant.

91. Paragraph 91 of the Complaint does not contain allegations and recites conclusions of law which do not require a response from Defendant. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied.

92. Paragraph 92 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied for lack of information sufficient to justify a belief therein, except to admit Jones is Black.

93. The allegations contained in Paragraph 93 of the Complaint are denied.

94. The allegations contained in Paragraph 94 of the Complaint are denied, except to admit Defendant hired Jones as a hopper on or about August 1, 2022.

95. The allegations contained in Paragraph 95 of the Complaint are denied.

96. The allegations contained in Paragraph 96 of the Complaint are denied.

97. The allegations contained in Paragraph 97 of the Complaint are denied.

98. The allegations contained in Paragraph 98 of the Complaint are denied.

99. The allegations contained in Paragraph 99 of the Complaint are denied.

100. The allegations contained in Paragraph 100 of the Complaint are denied, except to admit Defendant has contracted with Richard's Disposal, Inc.

101. The allegations contained in Paragraph 101 of the Complaint are denied.

102. The allegations contained in Paragraph 102 of the Complaint are denied for lack of information sufficient to justify a belief therein.

103. The allegations contained in Paragraph 103 of the Complaint are denied for lack of information sufficient to justify a belief therein or denied as written.

9

104.   The allegations contained in Paragraph 104 of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit Jones arrived to work late over twenty times between January and March 2023 and was disciplined in accordance with Defendant's attendance policy, which is applied to all hoppers equally.

105.   The allegations contained in Paragraph 105 of the Complaint are denied as written.

106.   The allegations contained in Paragraph 106 of the Complaint are denied, except to admit IV Waste trucks are equipped with a mechanical lifting system.

107.   The allegations contained in Paragraph 107 of the Complaint are denied for lack of information sufficient to justify a belief therein. Defendant expressly denies Jones was unjustly suspended at any time.

108.   The allegations contained in Paragraph 108 of the Complaint are denied as written or denied for lack of information sufficient to justify a belief therein. Defendant admits Jones was suspended on or about March 2, 2023, for 3 days.

109.   The allegations contained in Paragraph 109 of the Complaint are denied for lack of information sufficient to justify a belief therein.

110.   The allegations contained in Paragraph 110 of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit Jones arrived to work late over twenty times between January and March 2023 and was disciplined in accordance with Defendant's attendance policy, which is applied to all hoppers equally.

111.  The allegations contained in Paragraph 111 of the Complaint are denied.

112.  The allegations contained in Paragraph 112 of the Complaint are denied.

113.   Paragraph 113 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are

denied, except to admit Jones is asserting claims against Defendant.

114.   Paragraph 114 of the Complaint does not contain allegations and recites conclusions of law which do not require a response from Defendant. To the extent any statements in Paragraph 114 can be construed as allegations against Defendant, the allegations are denied.

115.   Paragraph 115 of the Complaint is identical to Paragraph 92. Defendant restates its response to Paragraph 92 as if copied herein in extenso.

116.   The allegations contained in Paragraph 116 of the Complaint are denied.

117.   Paragraph 117 of the Complaint is identical to Paragraph 94. Defendant restates its response to Paragraph 117 as if copied herein in extenso.

118.   The allegations contained in Paragraph 118 of the Complaint are denied.

119.   The allegations contained in Paragraph 119 of the Complaint are denied.

120.   The allegations contained in Paragraph 120 are denied.

121.   The allegations contained in Paragraph 121 of the Complaint are denied.

122.   The allegations contained in Paragraph 122 of the Complaint are denied.

123.   The allegations contained in Paragraph 123 of the Complaint are denied, except to admit Defendant has contracted with Richard's Disposal, Inc.

124.   The allegations contained in Paragraph 124 of the Complaint are denied.

125.   The allegations contained in Paragraph 125 of the Complaint are denied for lack of information sufficient to justify a belief therein.

126.   The allegations contained in Paragraph 126 of the Complaint are denied for lack of information sufficient to justify a belief therein or denied as written.

127.   The allegations contained in Paragraph 127 of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit Jones arrived to work late over

twenty times between January and March 2023 and was disciplined in accordance with Defendant's attendance policy, which is applied to all hoppers equally.

128.  The allegations contained in Paragraph 128 of the Complaint are denied as written.

129.  The allegations contained in Paragraph 129 of the Complaint are denied, except to admit IV Waste trucks are equipped with a mechanical lifting system.

130.  The allegations contained in Paragraph 130 of the Complaint are denied for lack of information sufficient to justify a belief therein. Defendant expressly denies Jones was unjustly suspended at any time.

131.  The allegations contained in Paragraph 131 of the Complaint are denied as written or denied for lack of information sufficient to justify a belief therein. Defendant admits Jones was suspended on or about March 2, 2023 for 3 days.

132.  The allegations contained in Paragraph 132 of the Complaint are denied for lack of information sufficient to justify a belief therein.

133.  The allegations contained in Paragraph 133 of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit Jones arrived to work late over twenty times between January and March 2023 and was disciplined in accordance with Defendant's attendance policy, which is applied to all hoppers equally.

134.  The allegations contained in Paragraph 134 of the Complaint are denied.

135.  The allegations contained in Paragraph 135 of the Complaint are denied.

136.  Paragraph 136 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied, except to admit Jones is asserting claims against Defendant.

137.  Paragraph 137 of the Complaint does not contain any allegations and recites conclusions

of law which do not require a response from Defendant. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied.

138.  Paragraph 138 of the Complaint is identical to Paragraphs 92 and 115. Defendant restates its response to Paragraphs 92 and 115 as if copied herein in extenso.

139.  The allegations contained in Paragraph 139 of the Complaint are denied.

140.  Paragraph 140 of the Complaint is identical to Paragraphs 94 and 117. Defendant restates its response to Paragraphs 114 and 170 as if copied herein in extenso.

141.  The allegations contained in Paragraph 141 of the Complaint are denied.

142.  The allegations contained in Paragraph 142 of the Complaint are denied.

143.  The allegations contained in Paragraph 143 are denied.

144.  The allegations contained in Paragraph 144 of the Complaint are denied.

145.  The allegations contained in Paragraph 145 of the Complaint are denied.

146.  The allegations contained in Paragraph 146 of the Complaint are denied, except to admit Defendant has contracted with Richard's Disposal, Inc.

147.  The allegations contained in Paragraph 147 of the Complaint are denied.

148.  The allegations contained in Paragraph 148 of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit Jones arrived to work late over twenty times between January and March 2023 and was disciplined in accordance with Defendant's attendance policy, which is applied to all hoppers equally.

149.  The allegations contained in Paragraph 149 of the Complaint are denied.

150.  The allegations contained in Paragraph 150 of the Complaint are denied.

151.  Paragraph 151 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are

denied, except to admit Jones is asserting claims against Defendant.

152.  Paragraph 152 of the Complaint does not contain any allegations and recites conclusions of law which do not require a response from Defendant. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied.

153.  Paragraph 153 of the Complaint is identical to Paragraphs 92, 115, and 138. Defendant restates its response to Paragraphs 92, 115, and 138 as if copied herein in extenso.

154.  The allegations contained in Paragraph 154 of the Complaint are denied.

155.  Paragraph 155 of the Complaint is identical to Paragraphs 94, 117, and 140. Defendant restates its response to Paragraphs 94, 117, and 140 as if copied herein in extenso.

156.  The allegations contained in Paragraph 156 of the Complaint are denied.

157.  The allegations contained in Paragraph 157 of the Complaint are denied.

158.  The allegations contained in Paragraph 158 of the Complaint are denied.

159.  The allegations contained in Paragraph 159 of the Complaint are denied.

160.  The allegations contained in Paragraph 160 of the Complaint are denied.

161.  The allegations contained in Paragraph 161 of the Complaint are denied, except to admit Defendant has contracted with Richard's Disposal, Inc.

162.  The allegations contained in Paragraph 162 of the Complaint are denied.

163.  The allegations contained in Paragraph 163 of the Complaint are denied for lack of information sufficient to justify a belief therein.

164.  The allegations contained in Paragraph 164 of the Complaint are denied.

165.  The allegations contained in Paragraph 165 are denied for lack of information sufficient to justify a belief therein.

166.  The allegations contained in Paragraph 166 of the Complaint are denied for lack of

information sufficient to justify a belief therein or denied as written.

167.   The allegations contained in Paragraph 167 of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit Jones arrived to work late over twenty times between January and March 2023 and was disciplined in accordance with Defendant's attendance policy, which is applied to all hoppers equally.

168.   The allegations contained in Paragraph 168 of the Complaint are denied as written.

169.   The allegations contained in Paragraph 169 of the Complaint are denied, except to admit IV Waste trucks are equipped with a mechanical lifting system.

170.   The allegations contained in Paragraph 170 of the Complaint are denied for lack of information sufficient to justify a belief therein. Defendant expressly denies Jones was unjustly suspended at any time.

171.   The allegations contained in Paragraph 131 of the Complaint are denied as written or denied for lack of information sufficient to justify a belief therein. Defendant admits Jones was suspended on or about March 2, 2023 for 3 days.

172.   The allegations contained in Paragraph 172 of the Complaint are denied for lack of information sufficient to justify a belief therein.

173.   The allegations contained in Paragraph 173 of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit Jones arrived to work late over twenty times between January and March 2023 and was disciplined in accordance with Defendant's attendance policy, which is applied to all hoppers equally.

174.   The allegations contained in Paragraph 174 of the Complaint are denied.

175.   Paragraph 176 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations

contained are denied, except to admit Jones is asserting claims against Defendant.

176.  Paragraph 176 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied, except to admit Jones is asserting claims against Defendant.

177.  Paragraph 177 of the Complaint does not contain any allegations and recites conclusions of law which do not require a response from Defendant. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied.

178.  Paragraph 178 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied for lack of information sufficient to justify a belief therein, except to admit Walker is Black.

179.  The allegations contained in Paragraph 179 of the Complaint are denied.

180.  The allegations contained in Paragraph 180 of the Complaint are denied, except to admit Defendant employed Walker as a hopper.

181.  The allegations contained in Paragraph 181 of the Complaint are denied.

182.  The allegations contained in Paragraph 182 of the Complaint are denied.

183.  The allegations contained in Paragraph 183 of the Complaint are denied.

184.  The allegations contained in Paragraph 184 of the Complaint are denied.

185.  The allegations contained in Paragraph 185 of the Complaint are denied.

186.  The allegations contained in Paragraph 186 of the Complaint are denied, except to admit Defendant has contracted with Richard's Disposal, Inc.

187.  Paragraph 187 of the Complaint recites conclusions of law which do not require a response from Defendant. As to the remaining allegations, and to the extent a response is deemed to be required, the allegations are denied for lack of information sufficient to justify a belief therein.

Defendant expressly denies Walker was terminated in retaliation for asserting his rights.

188.   Paragraph 188 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

189.  Paragraph 189 of the Complaint does not contain allegations and recites conclusions of law which do not require a response from Defendant. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied, except to admit Walker is asserting claims against Defendant.

190.   Paragraph 190 of the Complaint is identical to Paragraph 178. Defendant restates its response to Paragraph 178 as if copied herein in extenso.

191.  The allegations contained in Paragraph 191 of the Complaint are denied.

192.   Paragraph 192 of the Complaint is identical to Paragraph 180. Defendant restates its response to Paragraph 180 as if copied herein in extenso.

193.  The allegations contained in Paragraph 193 of the Complaint are denied.

194.  The allegations contained in Paragraph 194 of the Complaint are denied.

195.  The allegations contained in Paragraph 195 of the Complaint are denied.

196. The allegations contained in Paragraph 196 of the Complaint are denied.

197.  The allegations contained in Paragraph 197 of the Complain are denied.

198.  The allegations contained in Paragraph 198 of the Complaint are denied, except to admit Defendant has contracted with Richard's Disposal, Inc.

199.   Paragraph 199 of the Complaint recites conclusions of law which do not require a response from Defendant. As to the remaining allegations, and to the extent a response is deemed to be required, the allegations are denied for lack of information sufficient to justify a belief therein.

Defendant expressly denies Walker was terminated in retaliation for asserting his rights.

200.  Paragraph 200 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied, except to admit Walker is asserting claims against Defendant.

201.  Paragraph 201 of the complaint does not contain any allegations and recites conclusions of law which do not require a response from Defendant. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied.

202.  Paragraph 202 of the Complaint is identical to Paragraphs 178 and 190. Defendant restates its response to Paragraphs 178 and 190 as if copied herein in extenso.

203.  The allegations contained in Paragraph 203 of the Complaint are denied.

204.  Paragraph 204 of the Complaint is identical to Paragraphs 180 and 192. Defendant restates its response to Paragraphs 180 and 192 as if copied herein in extenso.

205.  Paragraph 205 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

206.  The allegations contained in Paragraph 206 of the Complaint are denied.

207. The allegations contained in Paragraph 207 of the Complaint are denied.

208.  The allegations contained in Paragraph 208 of the Complaint are denied.

209.  The allegations contained in Paragraph 209 of the Complaint are denied.

210.  The allegations contained in Paragraph 21 of the Complaint are denied, except to admit Defendant has contracted with Richard's Disposal, Inc.

211.  The allegations contained in Paragraph 211 of the Complaint are denied.

212.  Paragraph 212 of the Complaint recites conclusions of law which do not require a

response from Defendant. To the extent a response is deemed to be required, the allegations are denied, except to admit Walker is asserting claims against Defendant.

## CAUSES OF ACTION

### AS FOR THE FIRST CAUSE OF ACTION AGAINST DEFENDANT FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981
### (Hostile Work Environment)

213.   Paragraph 213 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent Paragraph 213 contains allegations against Defendant, the allegations are denied. Paragraph 213 also repeats and re-alleges the allegations contained in Paragraph 91. In response, Defendant reiterates its response to Paragraph 91 of the Complaint as if restated herein in extenso. To the extent Paragraph 91 of the Complaint seems to attempt to incorporate Paragraphs 92-114, Defendant reiterates its responses to Paragraphs 92-114 of the Complaint as if restated herein in extenso.

214.    Paragraph 214 recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied for lack of information sufficient to justify a belief therein, except to admit Jones is Black.

215.   Paragraph 215 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

216.   Paragraph 216 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

217.   Paragraph 217 of the Complaint recites conclusions of law which do not require a

response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

218.   Paragraph 218 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

219.   Paragraph 219 of the Complaint does not contain any allegations and merely prefaces Plaintiff Jones' requests for relief. Paragraph 219 requires no response from Defendant. To the extent a response is deemed to be required, any statements therein that can be construed as allegations against Defendant are denied.

### AS FOR THE SECOND CAUSE OF ACTION AGAINST DEFENDANT FOR A VIOLATION OF 42 U.S.C. § 1981 (Hostile Work Environment)

220.   Paragraph 220 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied. Paragraph 220 also repeats and re-alleges the allegations contained in Paragraphs 14, 50, and 177. In response, Defendant reiterates its responses to Paragraphs 14, 50, and 177 of the Complaint as if restated herein in extenso. To the extent Paragraphs 50 and 177 of the Complaint seem to attempt to incorporate Paragraphs 51-62 and 178-188 of the Complaint , Defendant reiterates its responses to Paragraphs 51-62 and 178-188 of the Complaint as if restated herein in extenso.

221.   Paragraph 221 of the Complaint is unintelligible but seems to recite conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied for lack of information sufficient to justify a belief therein, except to admit Polk, Payton, and Walker are Black.

222.   Paragraph 222 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

223.   Paragraph 223 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

224.   Paragraph 224 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

225.   Paragraph 225 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

226.   Paragraph 226 of the Complaint does not contain any allegations and merely prefaces Plaintiffs' requests for relief (seemingly Plaintiffs Polk, Payton, and Walker, though this is not clear). Paragraph 226 requires no response from Defendant. To the extent a response is deemed to be required, any statements therein that can be construed as allegations against Defendant are denied. Defendant specifically denies Plaintiffs are entitled to any relief whatsoever.

**AS FOR THE THIRD CAUSE OF ACTION AGAINST
DEFENDANT FOR A VIOLATION OF
Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981
(Racial Discrimination)**

227.   Paragraph 227 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied. Paragraph 227 also repeats and re-alleges the allegations contained in Paragraph 114 of the Complaint. Defendant reiterates its response to Paragraph 114 of the Complaint as if restated

21

herein in extenso. To the extent Paragraph 114 of the Complaint seemingly attempts to incorporate Paragraphs 115-136 of the Complaint, Defendant reiterates its responses to Paragraphs 115-136 of the Complaint as if restated herein in extenso.

228.  Paragraph 228 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied for lack of information sufficient to justify a belief therein, except to admit Jones is Black.

229.  Paragraph 229 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

230.  Paragraph 230 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

231.  Paragraph 231 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

232.  Paragraph 232 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

233.  Paragraph 233 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

234.  Paragraph 234 of the Complaint does not contain any allegations and merely prefaces Plaintiffs' requests for relief (seemingly Jones, though this is not clear). To the extent a response

is deemed to be required, any statements therein that can be construed as allegations against Defendant are denied. Defendant specifically denies Plaintiffs are entitled to any relief whatsoever.

## AS FOR THE FOURTH CAUSE OF ACTION AGAINST
## DEFENDANT FOR A VIOLATION OF
### 42 U.S.C. § 1981
### (Racial Discrimination)

235.   Paragraph 235 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied. Paragraph 235 also repeats and re-alleges the allegations contained in paragraphs 25, 63, and 189 of the Complaint. Defendant reiterates its responses to Paragraphs 25, 63, and 189 of the Complaint as if restated herein in extenso. To the extent Paragraphs 25, 63, and 189 of the Complaint seemingly attempts to incorporate Paragraphs 26-39, 64-79, and 190-200 of the Complaint, Defendant reiterates its responses to Paragraphs 26-39, 64-79, and 190-200 as if restated herein in extenso.

236.   Paragraph 236 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied for lack of information sufficient to justify a belief therein, except to admit Polk, Payton, and Walker are Black.

237.   Paragraph 237 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

238.   Paragraph 238 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

239.   Paragraph 239 of the Complaint recites conclusions of law which do not require a

response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

240.    Paragraph 240 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

241.    Paragraph 241 of the Complaint does not contain any allegations and merely prefaces Plaintiffs' requests for relief (seemingly Plaintiffs Polk, Payton, and Walker, though this is not clear). Paragraph 241 requires no response from Defendant. To the extent a response is deemed to be required, any statements therein that can be construed as allegations against Defendant are denied. Defendant specifically denies Plaintiffs are entitled to any relief whatsoever.

**AS FOR THE FIFTH CAUSE OF ACTION AGAINST
DEFENDANT FOR A VIOLATION OF
Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981
(Retaliation)**

242.    Paragraph 242 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied. Paragraph 235 also repeats and re-alleges the allegations contained in Paragraph 152 of the Complaint. Defendant reiterates its responses to Paragraph 152 of the Complaint as if restated herein in extenso. To the extent Paragraphs 152 of the Complaint seemingly attempts to incorporate Paragraphs 153-176 of the Complaint, Defendant reiterates its responses to Paragraphs 153-176 of the Complaint as if restated herein in extenso.

243.    Paragraph 243 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied for lack of information sufficient to justify a belief therein, except to admit that, after Jones was terminated, he appears to have submitted a meritless Charge against Defendant with the Equal

Employment Opportunity Commission alleging racial discrimination, and subsequently filed the above-captioned lawsuit. The EEOC Charge is the best evidence of its content.

244.    Paragraph 244 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

245.    Paragraph 245 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

246.    Paragraph 246 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

247.    Paragraph 247 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

248.    Paragraph 248 of the Complaint does not contain any allegations and merely prefaces Plaintiff's requests for relief (seemingly Jones, though this is not clear). To the extent a response is deemed to be required, any statements therein that can be construed as allegations against Defendant are denied. Defendant denies Plaintiffs are entitled to any relief whatsoever.

**AS FOR THE SIXTH CAUSE OF ACTION AGAINST
DEFENDANT FOR A VIOLATION OF
Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981
(Discrimination in Pay)**

249.    Paragraph 249 recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied. Paragraph 249 also repeats and realleges the allegations contained in Paragraph 137 of the Complaint.

25

Defendant reiterates its response to Paragraph 137 of the Complaint as if restated herein in extenso. To the extent Paragraph 137 of the Complaint seemingly attempts to incorporate Paragraphs 138-151 of the Complaint, Defendant reiterates its responses to Paragraphs 138-151 of the Complaint as if restated herein in extenso.

250.   Paragraph 250 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied for lack of information sufficient to justify a belief therein, except to admit Jones is Black.

251.   Paragraph 251 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

252.   Paragraph 252 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

253.   Paragraph 253 of the Complaint does not contain any allegations and merely prefaces Plaintiff's requests for relief (seemingly Jones, though this is not clear). To the extent a response is deemed to be required, any statements therein that can be construed as allegations against Defendant are denied. Defendant denies Plaintiffs are entitled to any relief whatsoever.

**AS FOR THE SEVENTH CAUSE OF ACTION AGAINST**
**DEFENDANT FOR A VIOLATION OF**
**42 U.S.C. § 1981**
**(Discrimination in Pay)**

254.   Paragraph 254 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied. Paragraph 254 also repeats and realleges the allegations contained in Paragraphs 40, 80, and 201 of the Complaint. Defendant reiterates its response to Paragraphs 40, 80, and 201 of the

Complaint as if restated herein in extenso. To the extent Paragraphs 40, 80, and 201 of the Complaint seemingly attempt to incorporate Paragraphs 41-49, 81-90, and 202-212 of the Complaint, Defendant reiterates its responses to Paragraphs 41-49, 81-90, and 202-212 of the Complaint as if restated herein in extenso.

255.    Paragraph 255 of the Complaint is identical to Paragraph 236 of the Complaint. Defendant restates its response to Paragraph 236 as if copied herein in extenso.

256.    Paragraph 256 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

257.    Paragraph 257 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied.

258.    Paragraph 258 of the Complaint does not contain any allegations and merely prefaces Plaintiffs' requests for relief (seemingly Polk, Payton, and Walker, though this is not clear). To the extent a response is deemed to be required, any statements therein that can be construed as allegations against Defendant are denied. Defendant denies Plaintiffs are entitled to any relief whatsoever.

## ADMINISTRATIVE PROCEDURES

259.    Paragraph 259 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied, except to admit Plaintiff appears to have filed a Charge against Defendant with the EEOC alleging discrimination and the Charge appears to have been digitally signed by Jones on May 3, 2023. The EEOC Charge is the best evidence of its content.

260.    Paragraph 260 of the Complaint recites conclusions of law which do not require a response from Defendant. To the extent a response is deemed to be required, the allegations are denied for lack of information sufficient to justify a belief therein.

261.    The allegations contained in Paragraph 261 of the Complaint are denied for lack of information sufficient to justify a belief therein.

262.    Paragraph 262 of the Complaint does not contain allegations, recites conclusions of law, and/or merely states a prayer for relief, none of which require a response from Defendant. To the extent a response is deemed to be required, and to the extent any statement contained in Paragraph in 262 can be construed as an allegation against Defendant, the allegations are denied.

## PRAYER FOR RELIEF

All paragraphs following Plaintiffs' Complaint section captioned "Prayer for Relief" recite conclusions of law or seek legal relief and do not require responses from Defendant. To the extent responses are required, Defendant responds as follows:

263.    The unnumbered paragraph immediately preceding Paragraph 1 of Plaintiffs' Prayer for Relief does not state any allegations. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied. Defendant denies engaging in any conduct for which it could be held liable to Plaintiffs under any asserted legal theory.

264.    Paragraph 1 of Plaintiffs' prayer for relief seeks legal relief and does not contain any specific allegations. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied. Defendant denies engaging in any conduct for which it could be held liable to Plaintiffs under any asserted legal theory.

265.    Paragraph 2 of Plaintiffs' prayer for relief seeks legal relief and does not contain any specific allegations. To the extent any statements therein can be construed as allegations against

Defendant, the allegations are denied. Defendant denies engaging in any conduct for which it could be held liable to Plaintiffs under any asserted legal theory.

266.  Paragraph 3 of Plaintiffs' prayer for relief seeks legal relief and does not contain any specific allegations. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied. Defendant denies engaging in any conduct for which it could be held liable to Plaintiffs under any asserted legal theory.

267.  Paragraph 4 of Plaintiffs' prayer for relief seeks legal relief and does not contain any specific allegations. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied. Defendant denies engaging in any conduct for which it could be held liable to Plaintiffs under any asserted legal theory.

268.  Paragraph 5 of Plaintiffs' prayer for relief seeks legal relief and does not contain any specific allegations. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied. Defendant denies engaging in any conduct for which it could be held liable to Plaintiffs under any asserted legal theory.

269.  Paragraph 5 of Plaintiffs' prayer for relief seeks legal relief and does not contain any specific allegations. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied. Defendant denies engaging in any conduct for which it could be held liable to Plaintiffs under any asserted legal theory.

270.  Paragraph 5 of Plaintiffs' prayer for relief seeks legal relief and does not contain any specific allegations. To the extent any statements therein can be construed as allegations against Defendant, the allegations are denied. Defendant denies engaging in any conduct for which it could be held liable to Plaintiffs under any asserted legal theory.

## JURY DEMAND

271.  Plaintiff's demand for trial by jury does not require a response from Defendant. To the extent Plaintiff's jury demand can be construed as containing allegations against Defendant, Defendant denies engaging in any conduct for which it could be held liable to Plaintiffs under any asserted legal theory.

272.  Any remaining allegations contained in the Complaint not specifically addressed above, including those contained in unnumbered statements and/or headings, are denied.

## AFFIRMATIVE DEFENSES AND AVOIDANCES

Further responding, Defendant asserts the following affirmative defenses and/or avoidances to Plaintiffs' Complaint:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, or portions thereof, fails to state a claim upon which relief may be granted or upon which the damages or relief sought can be awarded. A party's failure to state a claim upon which relief may be granted or upon which the damages or relief sought can be awarded vitiates liability.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are barred to the extent they are duplicative.

## THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims against Defendant are time-barred, in whole or in part, by applicable statute of limitations and prescriptive periods under federal and state law.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred because Plaintiffs failed to exhaust administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

To the extent any of Plaintiffs' claims are based on actions alleged to have occurred prior to the requisite time allowed for the filing of a charge of discrimination with the EEOC, such claims are barred.

### SIXTH AFFIRMATIVE DEFENSE

The conduct complained of by Plaintiffs, even if it occurred, which is denied by Defendant, was not sufficiently severe or pervasive to support a claim of harassment, hostile work environment, or intentional infliction of emotional distress.

### SEVENTH AFFIRMATIVE DEFENSE

Notwithstanding Defendant's denial of liability, Defendant states it neither knew nor should have know about the alleged harassment or hostile work environment.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Defendant's employees were acting outside the course and scope of their employment, Defendant is not liable for their actions.

### NINTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and to promptly correct any discriminatory behavior. Defendant had in place well promulgated policies prohibiting inappropriate, unprofessional conduct, harassment, discrimination and retaliation. Plaintiffs failed to take advantage of any protective or corrective opportunities provided by Defendant to avoid harm otherwise

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs were at-will employees and Defendant had the right to terminate their

employment.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant denies Plaintiffs are entitled to any relief. Nonetheless, without admitting any wrongful conduct by Defendant or any of its employees, agents, or representatives, Defendant's actions, if any, were not taken with malice or reckless indifference to Plaintiffs' rights with respect to any claims alleged. Therefore, Plaintiffs are not entitled to recover punitive or liquidated damages.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiffs are entitled to any relief. Without admitting any wrongful conduct by Defendant or any of its employees, agents, or representatives, Plaintiffs' claims for punitive and/or liquidated damages are barred because Defendant acted, at all times relevant, in good faith compliance with the law.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have damages, which is denied, Plaintiffs have failed to mitigate, or reasonably attempt to mitigate, their damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have been treated at all times in accordance with lawful, published uniform policies, procedures, rules and practices, as are all IV Waste employees, regardless of their protected status. All employment decisions with respect to Plaintiffs were made in good faith and with good cause, and Plaintiffs were treated the same as any other similarly situated employee. Defendant has not engaged in any acts, practices, policies, customs, or usages which have unlawfully denied, abridged, withheld, conditioned, limited, segregated, classified, or otherwise interfered with the right of Plaintiff. The challenged employment actions were justified by

legitimate, non-discriminatory, non-retaliatory reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred for failure to comply with prerequisites of statutes pled.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by their own comparative fault, negligence or intentional acts, or the negligence or intentional acts of others, for which Defendant is not liable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The exclusive remedy for Plaintiffs' alleged physical and emotional maladies is the Louisiana Workers Compensation Act, Louisiana Revised Statute 23:1021 et seq.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs assert claims for physical injury, Defendant asserts assumption of risk and/or injury by fellow servant.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs did not engage in any protected acts. Even assuming Plaintiffs engaged in protected acts, which Defendant denied, any such acts were not a contributing factor in any decision related to Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

The doctrine of after-acquired evidence applies to mitigate any damages alleged herein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant denies Plaintiffs are entitled to any relief. Nonetheless, out of an abundance of caution, Defendant asserts the defense of business necessity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant denies Plaintiffs are entitled to any relief. Nonetheless, out of an abundance of caution, Defendant asserts the defense of ratification.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant hereby gives notice it intends to rely upon any such defenses as may become available or appear during the proceedings in this cause and hereby reserves the right to amend the answer to assert any and all such defenses.

**WHEREFORE**, Defendant, IV Waste, L.L.C., prays that this answer be deemed good and sufficient and after due proceedings are had, there be judgment in its favor and against Plaintiffs, dismissing Plaintiffs' claims, with prejudice, and with costs and attorney's fees awarded to Defendant.

Respectfully Submitted,

**FRILOT L.L.C.**

*/s/ Leslie W. Ehret*
Leslie W. Ehret (La. Bar No. 18494)
Christopher J. Nunziato (La. Bar No. 40471)
lehret@frilot.com
cnunziato@frilot.com
1100 Poydras Street, Suite 3800
New Orleans, LA 70163-3600
Telephone: 504-599-8000
Facsimile: 504-599-8100

*Counsel for IV Waste, L.L.C.*